## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | |
| DENNIS JEREMY CRUMLEY | ) | Chapter 13 |
| MICHA ELIZABETH CRUMLEY | ) | |
| | ) | Case No. 08-14582 |
| Debtor. | ) | |
| | ) | |
| **DENNIS JEREMY CRUMLEY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | Adversary Proceeding _____ |
| | ) | |
| **HSBC RETAIL CREDIT (USA) INC.** | ) | |
| **(KAWASAKI)** | ) | |
| **and** | ) | |
| **ECAST SETTLEMENT CORPORATION** | ) | |
| | ) | |
| **Defendants.** | ) | |

### OBJECTION TO CLAIM NO. 26 OF HSBC RETAIL CREDIT (USA) INC. (KAWASAKI)  COMBINED WITH ADVERSARY PROCEEDING SEEKING TURNOVER OF FUNDS AND COMPLAINT FOR WILLFUL VIOLATION OF BANKRUPTCY RULES PROTECTING PLAINTIFF'S IDENTIFIABLE INFORMATION

### I. PARTIES

1.      Plaintiff, Dennis Jeremy Crumley, ("Debtor" or "Plaintiff") is a resident and citizen of Cleveland, Bradley County, Tennessee 37312.

2.      Defendant, HSBC Retail Credit (USA) Inc. (Kawasaki), ("HSBC" ) is a subsidiary of HFC Company LLC which is a subsidiary of HSBC Finance Corporation with a principal office in Illinois and is not registered with the Secretary of State of Tennessee.

3.      Defendant, eCast Settlement Corporation, is in the business of collecting defaulted consumer debts originally owed to others and specializes in purchasing or acquiring

the right to collect bankruptcy debt. eCast Settlement Corporation has a principal address located at 383 Madison Ave., New York, NY 10179-0001.

## II. JURISDICTION

4.      This Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1334. This matter is a core proceeding because it involves a Chapter 13 case filed by the Plaintiff in this Court (Case No. 08-14582) and a Claim filed in that proceeding by HSBC Retail Credit (USA) Inc. (Kawasaki), eCast Settlement Corporation c/o Bass & Associates, PC, 3936 E. Ft. Lowell Road, Suite #200, Tucson, AZ 85712, (collectively "Defendant"). Defendant has wrongfully received property of the Debtor's estate and those funds are subject to turnover pursuant to 11 U.S.C. § 542. This Adversary Proceeding is governed by Fed. R. Bankr. P. 7001 et seq.

## III. FACTUAL HISTORY

5.      The Plaintiff filed a voluntary a Chapter 13 bankruptcy case (Case No. 99-11307) on May 12, 1999, in the Northern District of Georgia (Newnan). This case was converted to Chapter 7 bankruptcy on October 12, 1999.

6.      The Plaintiff scheduled Household Finance as a creditor in his prior Chapter 7 proceeding (Case No. 99-11307). The Court's mailing matrix reflects Household Finance as a creditor. *See* **Exhibit 1**

7.      The Plaintiff did not reaffirm the debt owed to Household Finance.

8.      The prior Chapter 7, Case No. 99-11307, filed by the Plaintiff has been concluded and closed with an Order of Discharge being entered by the Northern District of Georgia Bankruptcy Court on February 24, 2000. *See* **Dkt No. 25**.

2

9.      Any and all claims Household Finance had against the Plaintiff were discharged in Case No. 99-11307, on February 24, 2000.

10.     Approximately eight (8) years later, on September 5, 2008, the Plaintiff commenced a voluntary Chapter 13 case in this Court (Case No. 08-14582).

11.     The Plaintiff, under penalties of perjury to the best of his knowledge and belief, scheduled all of his known debts in his pending Chapter 13.  Household Finance was not scheduled as a creditor because the Plaintiff did not owe Household Finance because of the prior Chapter 7 discharge of that debt.

12.     All scheduled creditors in the Plaintiff's Chapter 13 would have received, from the Bankruptcy Court clerk's office, notice of his filing of the Chapter 13 (Case No. 08-14582). Household Finance would not have received notice from this Court because there was no debt owed to Household Finance on September 5, 2008, and Household Finance was not a scheduled creditor.

13.     On January 2, 2009, the Defendant HSBC Retail Credit (USA) (Kawasaki) eCast Settlement Corporation c/o Bass & Associates, PC, 3936 E. Ft. Lowell Road, Suite #200, Tucson, AZ 85712, (collectively "Defendant") filed under penalties of perjury Claim No. 26 in the Plaintiff's pending Chapter 13 (Case No. 08-14582).  That Claim stated that an amount of $5,846.75 was owed by the Plaintiff to the Defendant on that date.

14.     On the face of Claim No. 26 it states the "Debtor may have scheduled account as: Kawasaki".

15.     There is no pertinent information attached to Claim No. 26 with information relating to this alleged debt, only a cardholder agreement and disclosure statement which the Plaintiff believes is unrelated to this debt.

3

16.     On March 16, 2009, a Joint Notice of Transfer of Claim No. 26 was filed reflecting that this alleged debt was transferred/sold to eCast Settlement Corporation c/o Bass & Associates, PC on or about April 17, 2003. *See* **DKT No. 27**.

17.     HSBC Retail Credit (USA) (Kawasaki) eCast Settlement Corporation c/o Bass & Associates, PC, 3936 E. Ft. Lowell Road, Suite #200, Tucson, AZ 85712 was not scheduled as a creditor because the Plaintiff did not owe this alleged debt because of the prior Chapter 7 discharge of that debt.

18.     Plaintiff, upon information and belief, alleges that the Defendant HSBC wrongfully and illegally obtained his personal identifiable information, including his full social security number, from a third party source for purposes of learning of the Chapter 13 case and the filing of a claim. Defendant's conduct is actionable and can be remedied by this Court using the provisions of 11 U.S.C. § 105. Based upon information and belief, the third party source was the National Data Center and/or the Valley of the Moon.

19.     The proof of Claim No. 26 filed by the Defendant in the amount of $5,846.75 should be disallowed based upon the attached Declaration of the Debtor reflecting that the same had been discharged in his prior Chapter 7 (Case No. 99-11307). *See* **Exhibit 2**.

20.     The Defendants do not have the proper internal business controls and procedures in place to scrub or filter Chapter 7 discharged debts from their collection recovery system. Upon information and belief, the Plaintiff alleges that this is a companywide problem and affects not only the Plaintiff's pending Chapter 13 but Chapter 13s for all debtors who have had prior Chapter 7s and who previously owed the Defendant HSBC Retail Credit (USA) and eCast Settlement Corporation.

21.    The Defendants have been paid the sum of $3,790.35 by the Chapter 13 Trustee on Claim No. 26.  That amount should be turned over to the Chapter 13 Trustee together with interest for redistribution to the valid claims of creditors in the Plaintiff's pending Chapter 13.

22.    The Plaintiff has and will incur attorneys' fees and expenses as a result of the actions of the Defendant in filing a claim in his case when no claim existed.

23.    The Plaintiff is entitled in injunctive and equitable relief requiring the Defendant to purge and correct its records to reflect a balance of zero owed by the Plaintiff to the Defendant.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant as follows:

a)    This Court issue an injunction, pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 7001 (7), enjoining the Defendant from maintaining a current balance in its records on monies previously owed by the Plaintiff to Household Finance which have been discharged;

b)    This Court issue an Order, pursuant to 11 U.S.C. § 105  requiring the Defendant to redact any information obtained from a third party source including the Plaintiff's personal identifiable information and full social security number relating to Case No. 08-14582 because the Defendant is a non-interested party;

c)    This Court issue an Order disallowing Claim No. 26 in its entirety;

d)    This Court issue an Order requiring the Defendant to immediately turnover to the Chapter 13 Trustee all monies received on Claim No. 26 together with interest;

e)    This Court award damages and attorneys' fees incurred by the Plaintiff in filing this action and, in addition, award punitive damages; and

5

f)    This Court grant such additional relief as the Court deems necessary or

proper.

Dated: _7/1/2014_

RICHARD BANKS & ASSOCIATES, P. C.

Richard L. Banks, BPR 000617
R. Bradley Banks, BPR 031013
393 Broad Street NW
P.O. Box 1515
Cleveland, TN  37364
T. (423) 479-4188
F. (423) 478-1175
rbanks@rbankslawfirm.com
Attorneys for the Debtor/Plaintiff

6